O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. [CV 12-09122 DDP] |
| | ) | CR 03-00934 DDP ✓ |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING WRIT OF HABEAS** |
| v. | ) | **CORPUS** |
| | ) | |
| DYLAN LITTLEFIELD, | ) | [Petition filed on October 24, |
| | ) | 2012] |
| Defendant. | ) | |
| _____ | ) | |

   Before the court is Petitioner Dylan Littlefield's Petition for Writ of Habeas Corpus. The government opposes the Petition. Having considered the parties' submissions, the court now adopts the following order.

**I.  Background**

   On October 16, 2003, Petitioner pled guilty before this court to a single-count information charging him with possession of stolen mail, in violation of 18 U.S.C. § 1708. (Opposition, Memorandum, at 2.) After being initially sentenced on June 2, 2004, the court entered an amended judgment on May 18, 2005, sentencing Petitioner to a prison term of thirty-three months, followed by three years of supervised release. (Id.) Petitioner was released on

January 10, 2006. The terms of Petitioner's supervised release provided that Petitioner "shall not commit another Federal, State or local crime." (<u>Id</u>.)

Subsequently, on September 26, 2007, Petitioner pled guilty to charges of robbery and attempted robbery in the Superior Court of California, County of Los Angeles. <u>People v. Littlefield</u>, No. SA062820, Superior Court of Los Angeles, County of Los Angeles, (Sept. 26, 2007). Petitioner was sentenced to nine years imprisonment and is currently confined in a correctional facility in Kern County in the Eastern District of California.[1]

On July 17, 2008, the U.S Marshals filed a detainer against Petitioner, indicating that Petitioner was wanted for violating the terms of his supervised release under 18 U.S.C. § 3583 as a result of his robbery and attempted robbery. (Petition at 1, 2.) According to Petitioner, at the time the petition was submitted in October 2012, there were approximately twenty-seven months remaining on his state sentence. (Petition at 2.)

On October 24, 2012, Petitioner filed the instant Petition requesting that this court order Petitioner transferred to federal custody to answer the pending charge of violation of the supervised release. (DKT No. 1.) Petitioner also makes additional claims about the conditions of his confinement in state custody, alleging that

---

[1] Respondent, alleges Petitioner is currently serving a state sentence at Kern Valley state prison, located in Delano, California, in the Eastern District of California. (Return, Memorandum 2: 17-19). Petitioner alleges Respondent is incorrect, and that Petitioner is in fact currently detained at the California Correctional Institution, located near Tehachapi, California. (Opp, Memorandum, at 1). Of relevance to this order, both institutions are located in Kern County, which is within the Eastern District of California.

he has been harassed and retaliated against for exercising his First Amendment right to practice his religion; that he was falsely found guilty of possessing contraband materials; and that the substance abuse prevention programs at his facility are inadequate. (Petition, Memorandum, at 1-3.) Petitioner subsequently filed a supplemental brief, with leave of the court, asserting that the federal detainer is hampering his ability to participate in rehabilitative programming. (Supplemental Brief at 2-4.)

## II. Discussion

Petitioner requests that he be transferred to federal custody to conclude his parole violation proceedings. (Petition, Memorandum, at 4.) Petitioner appears to seek this relief principally so that he might serve his state sentence for the robbery and attempted robbery concurrently with his federal sentence for the supervised release violation. (Id. at 2.)

As an initial matter, the U.S. Supreme Court has expressly held that the federal government is not constitutionally required to writ a defendant out of state custody and into federal custody for purposes of executing a violation warrant. Moody v. Daggett, 429 U.S. 78, 97 (1976). The court explained in Moody that a parolee is "not constitutionally entitled to a revocation hearing immediately upon the issuance of such a warrant," in part because a parolee does not suffer a loss of liberty as a parole violator until he is taken into custody under the violation warrant. Id.

Nor, under Ninth Circuit precedent, is the government "statutorily required to writ a defendant out of state custody and bring him before the federal district court for his revocation

3

hearing." <u>United States v. Garrett</u>, 253 F.3d 443 (9th Cir. 2001) (explaining that the government did not violate 18 U.S.C. 3583(i) by waiting until the petitioner was released from state custody to adjudicate alleged supervised release violations). In explaining its holding in <u>Garrett</u>, the Ninth Circuit noted that "requiring the federal government to writ a defendant out of state custody for a supervised release revocation hearing could prove extremely burdensome." (<u>Id.</u>)

Nonetheless, Petitioner asserts that the court should order a transfer through the exercise of its discretion. Assuming for the purposes of this order that the court has the authority to order Petitioner's transfer to federal custody for a revocation hearing, the court finds it would be inappropriate to do so in this circumstance.

There is well over a year remaining in Petitioner's sentence for the robbery and attempted robbery offenses. Thus, were the court to order a transfer out of the state facility to a federal facility in this district, Petitioner would very likely be transferred back to state custody promptly after the revocation hearing, resulting in a substantial burden on both state and federal corrections personnel. This burden is not justified by Petitioner's desire to have the opportunity to serve his state and federal sentences concurrently. A mid-sentence revocation hearing is not necessary to ensure an inmate has the possibility of avoiding successive sentences of confinement because the court could take time already served into account when determining the parole violation sentence. <u>See</u> 18 U.S.C § 3553 (providing that the court shall consider "the need for the sentence imposed ... to

provide just punishment for the offense [and] to afford adequate deterrence to criminal conduct"). Nor is the unusual step of a transfer justified by Petitioner's desire to access greater rehabilitative and job training programs at federal facilities, a desire shared by a great number, if not the majority, of inmates in state facilities.

Plaintiff additionally makes several claims regarding conditions of confinement at Kern Valley state prison and/or California Correctional Institution. Plaintiff alleges that the substance abuse and recidivism prevention treatment is inadequate (Petition, Memorandum, at 2-4); Petitioner's freedom to exercise religion is being unduly restricted through anti-semitic remarks by prison staff, restrictions on Petitioner's diet, and restrictions on pastoral visits (id. at 5-6); and that he has been subjected to retaliation by prison staff for submitting grievances regarding his conditions of confinement (id. At 7-8). Although Petitioner initially sought declaratory relief as to his First Amendment rights, (Petition at 2), Petitioner clarified in his Opposition to the government's Motion to Dismiss that he was withdrawing any request for declaratory relief and does not seek any injunction relative to prison staff. (Opposition, Memorandum, at 2, fn 3.) Petitioner further clarified that "he is asking the court to take notice of the conduct and use that conduct by staff in exercis[ing] its discretion" regarding sentencing by issuing a concurrent sentence. (Id.)

The court agrees with Petitioner that the extent to which an inmate has availed himself of rehabilitative programming and the extent of such programming available, as well as the experiences of

an inmate while in confinement and how the inmate has reacted to those experiences, are relevant factors in determining an appropriate sentence. Such factors are relevant to the "history and characteristics of the defendant" and the "need for the sentence imposed ... to protect the public from further crimes of the defendant." See 18 U.S.C § 3553 (1)-(2)(C). The court would consider evidence of this sort when it issues a federal parole violation sentence following Petitioner's completion of his sentence for the state law robbery and attempted robbery crimes. There is no cause, however, for the court to consider these issues at this juncture prior to sentencing.

To the extent that Petitioner seeks relief relative to the alleged First Amendment violations or other matters related to his conditions of confinement, the appropriate mechanism, after exhausting all available administrative remedies, is a civil rights suit pursuant to 21 U.S.C. § 1983. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. Preiser v. Rodriquez, 411 U.S. 475, 484 ... (1973). A civil rights action, in contrast, is the proper method of challenging 'conditions of ... confinement.'" Id. at 498-99). Such a civil rights action should be brought in the district in which the prisoner is confined, in this case the Eastern District of California. See Wheeler v. United States, 640.2d. 1116, 1121 n.6 (9th Cir.).

**III. Conclusion**

For the reasons set forth above, the court DENIES the Petition.

IT IS SO ORDERED.

Dated: November 5, 2013

DEAN D. PREGERSON
United States District Judge